UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
(Civil Division)

| | |
|---|---|
| ANTHONY BOUKNIGHT<br>1618 Winesapp Drive<br>Odenton, Maryland 21113<br><br>      Plaintiff,<br><br>   v.<br><br>DISTRICT OF COLUMBIA<br>(A Municipal Corporation)<br>441 Fourth Street, N.W.<br>Washington, DC 20001<br><br>      Defendant.<br><br><u>Serve</u>: Honorable Vincent C. Gray,<br>      Mayor of the District of Columbia<br>      c/o Designated Representative<br>      Executive Office of the Mayor<br>      1350 Pennsylvania Avenue, N.W., Suite 316<br>      Washington, DC 20004<br><br><u>Serve</u>: Honorable Irvin Nathan<br>      Office of the Attorney General for D.C.<br>      c/o Designated Representative<br>      441 Fourth Street, N.W.<br>      Washington, DC 20001 | Civil Action No.:_____<br><br>JURY DEMANDED |

## COMPLAINT

**COMES NOW** the Plaintiff Anthony Bouknight, by and through his undersigned counsel, and sues Defendant District of Columbia for the cause of action stated as follows:

### INTRODUCTION

1. Plaintiff Anthony Bouknight ("Plaintiff" or "Captain Bouknight") brings this civil action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq.*; District of Columbia Human Rights Act, D.C. Code § 2-1401.01, *et seq.*; 42

U.S.C. § 1983; and the Civil Rights Act of 1991, 42 U.S.C. § 1981a; for relief from discrimination based race (African American), retaliation and hostile work environment.

2. Defendant District of Columbia ("Defendant") discriminated against Plaintiff on the basis of race (African American), his participation in protected EEO activity and further subjected him to a hostile work environment during the course of his employment with the District of Columbia Fire and Emergency Services Department ("DCFEMS" or "Department").

## PARTIES

3. Plaintiff Anthony Bouknight is currently domiciled at 1618 Winesapp Drive, Odenton, Maryland 21113. At all relevant times, Mr. Bouknight was an employee of DCFEMS. Plaintiff is a United States citizen.

4. Defendant District of Columbia is a governmental organization and municipal corporation. The Department is a subordinate agency of the District of Columbia government, and is headquartered at 441 Fourth Street, N.W., Washington, DC 20001. Defendant is also headquartered at 441 Fourth Street, N.W., Washington, DC 20001.

## JURISDICTION

5. This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as it asserts a claim that arises under the Constitution, laws or treaties of the United States, specifically Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*; 42 U.S.C. § 1983; and the Civil Rights Act of 1991, 42 U.S.C. § 1981a. It further has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as it asserts claims that arise under the District of Columbia Human Rights Act, D.C. Code § 2-1401.01, *et seq*.

6. This Honorable Court also has jurisdiction over this matter pursuant to 28 U.S.C. § 1343.

## VENUE

7. Venue is appropriate and based on the fact that a substantial part of the actions complained of are the result of actions and the employment practices of Defendant, an Agency of the state government that operates within the District of Columbia, and occurred in the District of Columbia. 28 U.S.C. § 1391. Venue is further proper in this district because there is no other district in which this action may otherwise be brought. *Id.*

8. Venue is further appropriate because a substantial part of the events or omissions giving rise to this Complaint occurred within the offices of the Department, which is headquartered in the District of Columbia.

## EXHAUSTION OF REMEDIES

9. Captain Bouknight has exhausted all of his administrative remedies.

10. Captain Bouknight timely files this action in accordance with the Dismissal and Notice of Rights for EEOC Charge No. 570-2007-00670, dated September 30, 2013, which provided Captain Bouknight the right to file this Complaint within 90 days of receipt of the Notice. Captain Bouknight brings this action for discrimination on the basis of race (African American), retaliation and hostile work environment.

## FACTS

11. Plaintiff hereby incorporates, by reference hereto, the facts, law, and/or allegations contained within the preceding paragraphs, as fully set forth herein.

12. Captain Bouknight has been an employee of the Department from 1991 to the present and currently holds the rank of Captain.

13. At all relevant times, Captain Bouknight has operated as a paramedic for the Department.

14. In early 2007, Captain Bouknight and Lamont Veney (Black, no known EEO activity) were called on an emergency EMT run to pick up a patient.

15. That day, Mr. Veney was driving the ambulance and Captain Bouknight rode in the back of the ambulance. On that day, Captain Bouknight was also the senior Paramedic on the ambulance.

16. When en route to the patient, Mr. Veney got lost and was delayed in arriving to pick up the patient.

17. Mr. Veney was suspended for thirty-six hours for the delay.

18. Captain Bouknight, who was not driving, was nonetheless put on charges for the delay and ultimately he was suspended for 10-days.

19. Upon information and belief, a White paramedic (no known EEO activity) operating as the most senior Paramedic was not charged, or otherwise disciplined, when the driver of the his ambulance (Female paramedic) stopped at her firehouse while en route to the hospital, with a patient in the ambulance, to obtain her shift relief.

20. Upon information and belief, the Department has a custom and practice of disciplining African American employees more often and more severely than White employees for the same, similar or less egregious incidents.

21. In 2007, the Department presented a report to the D.C. Council that provided statistical data showing show African American employees were disciplined at a significantly higher rate than White employees.

22. Captain Bouknight sought relief from the disparate treatment when he cross-filed charge with the District of Columbia Office of Human Rights ("DCOHR") and the United States Equal Employment Opportunity Commission ("EEOC").

23. Captain Bouknight now timely files this Complaint for relief from the Department's disparate treatment.

## CAUSES OF ACTION

### COUNT ONE
**(Employment Discrimination on the Basis of Race)**

24. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

25. Plaintiff is an African American and, as such, is a member of a protected class.

26. Because of his race, Plaintiff was subjected to the unlawful conduct and adverse actions alleged throughout this Complaint, including providing Plaintiff a ten day suspension, in violation of Title VII and the DCHRA.

27. Defendant's foregoing unlawful adverse actions materially affected the terms, privileges and conditions of Plaintiff's employment.

28. Defendant knew that Plaintiff is an African American prior to the adverse actions described throughout the Complaint and was aware of the discrimination Plaintiff was subjected because of his race (African American).

29. Plaintiff has been treated differently and subjected to different terms and conditions of his employment due to his race (African American) in violation of Title VII and the DCHRA.

30. Defendant has limited, segregated and classified Plaintiff in a way that deprived him of employment opportunities and otherwise adversely affected his status as an employee because of his race (African American).

31. Other employees who were similarly situated, but members of a different class than Plaintiff, have been treated more favorably then Plaintiff in the terms and conditions of employment.

32. Plaintiff's race was a determining factor in Defendant's unlawful conduct toward Plaintiff.

33. Plaintiff's race was a motivating factor in Defendant's unlawful conduct toward Plaintiff.

34. The reasons proffered by Defendant for its unlawful conduct are pretextual and Defendant cannot further offer any legitimate reason for its unlawful conduct.

35. Defendant's aforementioned conduct has been intentional, deliberate, willful, malicious, reckless and in callous disregard of the rights of Plaintiff because of his race (African American).

36. Defendant discriminated against Plaintiff because of his race (African American) by engaging in, tolerating or failing to prevent race discrimination and by failing to take affirmative action to correct and redress the unlawful employment practices perpetrated against Plaintiff.

37. Defendant is directly liable for the discriminatory acts or omissions of its agents, servants and employees while acting within the course and scope of their employment, under the theory of *Respondeat Superior*.

38. As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury and monetary damages – including but not limited to past and future loss of income, benefits, promotion and promotional

opportunities, career opportunities, medical expenses and costs – and is entitled to all available legal and equitable remedies.

39. Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and his injury is permanent in nature. Further, Defendant's treatment and actions were ongoing.

40. Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, and all of the other losses stated with Plaintiff contributing in any way thereto.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

a. Award compensatory damages in excess of Two Hundred Thousand Dollars ($200,000.00);

b. Damages and equitable relief for all harm Plaintiff has sustained as a result of Defendant's unlawful conduct including for loss of promotional potential, reputation, lost wages, lost job benefits he would have received but for Defendant's unlawful conduct;

c. Award medical costs and expenses incurred as a result of Defendant's unlawful conduct;

d. Award reasonable attorney fees, costs, and expenses incurred for this action;

e. Order Defendant to institute a policy and procedure to be implemented against discrimination;

f. Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

g. Supervisory training for the supervisors at issue herein;

h. Award equitable, declaratory, and injunctive relief; and

i. Award such other and further relief as this Honorable Court deems just and proper.

## COUNT TWO
### (Retaliation)

41. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

42. Plaintiff regularly complained verbally and in writing to his supervisors regarding his belief that he was being subjected to discriminatory conduct.

43. From January 2007 to 2011, Mr. Bouknight litigated a discrimination case against the Department in federal Court.

44. Prior to filing his 2007 federal Complaint, Mr. Bouknight filed a Charge with the EEOC.

45. In 2007, Plaintiff cross-filed a Charge with the DCOHR and the EEOC alleging race discrimination and subjection to a hostile work environment for different unlawful conduct not alleged in this Complaint. *See* EEOC Charge No. 570-2007-00670.

46. Soon after complaining, Plaintiff was subjected to the unlawful conduct and adverse actions alleged throughout this Complaint, including providing Plaintiff a ten day suspension, in violation of Title VII, Section 1983 and the DCHRA.

47. Defendant subjected Plaintiff to the aforementioned adverse employment actions because of his participation and opposition to the unlawful and discriminatory employment practices of Defendant in violation of Title VII, Section 1983 and the DCHRA.

48. Defendant, including Plaintiff's supervisors, knew of Plaintiff's engagement in protected activity prior to engaging in the aforementioned adverse actions when they were informed by Plaintiff, by an EEO representative, or otherwise engaged in the complaint process.

49. The adverse retaliatory actions to which Plaintiff has been subjected are a direct result of Plaintiff having previously engaged in protected EEO activity.

50. Similarly situated employees (no known prior EEO activity) were not subjected to the same, similar or any adverse treatment.

51. Other employees who were similarly situated, but members of a different protected class than Plaintiff, have received different terms and conditions of employment.

52. The adverse treatment that Plaintiff was being subjected to by Defendant was obvious to his co-workers who could and did observe the distress that the treatment caused Plaintiff.

53. Defendant's unlawful conduct has created a climate of fear and intimidation for Plaintiff and other employees, which creates a chilling effect upon other employees' willingness to engage in protected activity.

54. The reasons proffered by Defendant for its unlawful conduct are pretextual and Defendant cannot further offer any legitimate reason for its unlawful conduct.

55. Defendant's unlawful conduct negatively impacted the terms, conditions and privileges of Plaintiff's employment.

56. Defendant's retaliatory conduct has been intentional, deliberate, willful, malicious, reckless and in callous disregard of the rights of Plaintiff because of her participation and opposition to Defendant's discriminatory conduct.

57. Defendant is directly liable for the discriminatory acts or omissions of its agents, servants and employees while acting within the course and scope of their employment, under the theory of *Respondeat Superior*.

58. As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury and monetary damages – including but not limited to past and future loss of income, benefits, promotion and promotional

opportunities, career opportunities, medical expenses and costs – and is entitled to all available legal and equitable remedies.

59. Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and his injury is permanent in nature. Further, Defendant's treatment and actions were ongoing.

60. Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, and all of the other losses stated with Plaintiff contributing in any way thereto.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

a. Award compensatory damages in excess of Two Hundred Thousand Dollars ($200,000.00);

b. Damages and equitable relief for all harm Plaintiff has sustained as a result of Defendant's unlawful conduct including for loss of promotional potential, reputation, lost wages, lost job benefits he would have received but for Defendant's unlawful conduct;

c. Award medical costs and expenses incurred as a result of Defendant's unlawful conduct;

d. Award reasonable attorney fees, costs, and expenses incurred for this action;

e. Order Defendant to institute a policy and procedure to be implemented against discrimination;

f. Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

g. Supervisory training for the supervisors at issue herein;

h. Award equitable, declaratory, and injunctive relief; and

i. Award such other and further relief as this Honorable Court deems just and proper.

## COUNT THREE
### (Hostile Work Environment)

61. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

62. As a result of Plaintiff's race and EEO complaints, Plaintiff's supervisors routinely humiliated Plaintiff and engaged in persistent pattern of severe and pervasive harassment as set forth herein, which created a hostile and offensive workplace environment in violation of Title VII and the DCHRA.

63. Plaintiff was regularly and continually subjected to harassing conduct that alleged throughout this Complaint, which created a hostile and abusive work environment.

64. Plaintiff believes that he was subjected to a hostile work environment based on his race (African American) and engagement in protected EEO activity.

65. Defendant's unlawful conduct was unwelcome.

66. Defendant's deliberate conduct of the adverse actions referred to throughout this Complaint created a hostile and abusive work environment.

67. Plaintiff was subjected to harassment because his race (African American) and engagement in EEO activity, and it unreasonably interfered and affected a term, condition, or privilege of Plaintiff's employment.

68. Defendant knew or should have known of the harassment. Defendant failed to adequately investigate the harassment and took no effective, immediate or remedial action. Despite Plaintiff's complaints, the harassment continued unabated and increased over time.

69. By failing to take appropriate and effective remedial action against Plaintiff's supervisors, Defendant acted with malice or with reckless or callous indifference to Plaintiff's complaints.

70. Defendant is directly liable for the discriminatory acts or omissions of its agents, servants and employees while acting within the course and scope of their employment, under the theory of *Respondeat Superior*.

71. As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury and monetary damages – including but not limited to past and future loss of income, benefits, promotion and promotional opportunities, career opportunities, medical expenses and costs – and is entitled to all available legal and equitable remedies.

72. Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and his injury is permanent in nature. Further, Defendant's treatment and actions were ongoing.

73. Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, and all of the other losses stated with Plaintiff contributing in any way thereto.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

a. Award compensatory damages in excess of Two Hundred Thousand Dollars ($200,000.00);

b. Damages and equitable relief for all harm Plaintiff has sustained as a result of Defendant's unlawful conduct including for loss of promotional potential, reputation, lost wages, lost job benefits he would have received but for Defendant's unlawful conduct;

c. Award medical costs and expenses incurred as a result of Defendant's unlawful conduct;

d. Award reasonable attorney fees, costs, and expenses incurred for this action;

e. Order Defendant to institute a policy and procedure to be implemented against discrimination;

f. Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

g. Supervisory training for the supervisors at issue herein;

h. Award equitable, declaratory, and injunctive relief; and

i. Award such other and further relief as this Honorable Court deems just and proper.

## COUNT FOUR
### (Violation of 42 U.S.C. § 1983)

74. Plaintiff hereby incorporates, by reference hereto, the facts, law, and/or allegations contained within the preceding paragraphs, as fully set forth herein.

75. Defendant intentionally discriminated against Plaintiff because of his race.

76. Defendant and its agents, servants and employees are state officials.

77. The Department's employees of all ranks are vested with the authority to uphold the rules, regulations and laws governing the District of Columbia and the Department.

78. When the Defendant unlawfully and unjustly disciplined Plaintiff more harshly than White employees, treated him differently because of his White coworkers, as state herein, including providing Plaintiff a ten day suspension, they were carrying the duties as the Department's employees.

79. The Defendant violated the rules, regulations and laws governing the District of Columbia, including but not limited to common laws of the District of Columbia and the District of Columbia Human Rights Act, and the policies of the Department when they unlawfully and unjustly discipline Plaintiff more harshly than White employees, treated him differently because of his White coworkers, and provided him two unjust suspensions unjustly suspension.

80. By Defendant's imposition of harsher punishments for disciplinary offenses on Plaintiff, an African American, than White employees, Defendant has denied Plaintiff the rights

of White employees in the modification and termination of contracts in violation of the rights, privileges and immunities secured by the Constitution and the laws in violation of 42 U.S.C. § 1983.

81. By Defendant's imposition of harsher punishments for disciplinary offenses on Plaintiff, an African American, than White employees, Defendant has denied Plaintiff equal protection of the laws under the Fifth Amendment in violation of other rights, privileges and immunities secured by the Constitution and the laws in violation of 42 U.S.C. § 1983.

82. Defendant's disciplinary measures made against Plaintiff were unwarranted.

83. By failing to take appropriate and effective remedial action against Plaintiff's supervisors, Defendant acted with malice or with reckless or callous indifference to Plaintiff's complaints.

84. As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury and monetary damages – including but not limited to past and future loss of income, benefits, promotion and promotional opportunities, career opportunities, medical expenses and costs – and is entitled to all available legal and equitable remedies.

85. Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and his injury is permanent in nature. Further, Defendant's treatment and actions were ongoing.

86. Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, and all of the other losses stated with Plaintiff contributing in any way thereto.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

a. Award compensatory damages in excess of Two Hundred Thousand Dollars ($200,000.00);

b. Damages and equitable relief for all harm Plaintiff has sustained as a result of Defendant's unlawful conduct including for loss of promotional potential, reputation, lost wages, lost job benefits he would have received but for Defendant's unlawful conduct;

c. Award medical costs and expenses incurred as a result of Defendant's unlawful conduct;

d. Award reasonable attorney fees, costs, and expenses incurred for this action;

e. Order Defendant to institute a policy and procedure to be implemented against discrimination;

f. Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

g. Supervisory training for the supervisors at issue herein;

h. Award equitable, declaratory, and injunctive relief; and

i. Award such other and further relief as this Honorable Court deems just and proper.

## COUNT FIVE
### Equitable Relief

150. Plaintiff hereby incorporates, by reference hereto, the facts, law, and/or allegations contained within the preceding paragraphs, as fully set forth herein.

151. Because of the actions alleged herein, the continued employment of the supervisors at issue herein without training in equal employment opportunity law, rules and regulations, present clear and present dangers to the employees of Defendant and could result in further illegal actions on the party of Defendant, by and through its agents, servants and employees.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court:

a. Order the Defendant to institute a policy and procedure to be implemented against discrimination;

b. Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

c. Supervisory training for the supervisors at issue herein; and

d. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

152. Plaintiff demands a trial by jury on all issues set forth herein.

Respectfully submitted,

By: _____
DONNA WILLIAMS RUCKER
 (D.C. Bar No. 446713)
RUCKER, BROWN & HENRY, P.C.
888 Sixteenth Street, N.W., Suite 800
Washington, DC 20006
Office: (202) 349-9830
Facsimile: (202) 355-1399
Email: drucker@rbhlegal.com

December 30, 2013                    Counsel for Plaintiff